IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAMON ANTOINE QUICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12-CR-291 |
| | ) | 1:15-CV-219 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND JUDGMENT

The petitioner, Damon Quick, filed a motion entitled "Independent Action to Obtain Relief from Judgment or Order Pursuant to Rule 60(b) Fed. R. Civ. P.," Doc. 78, asking the Court to set aside its previous Order and Judgment, Docs. 58, 59, denying the petitioner's motion to vacate, set aside or correct sentence and dismissing his habeas action. The United States Magistrate Judge recommended denying the motion, Doc. 79, and Mr. Quick filed an objection. Doc. 81.

Mr. Quick accurately points out that the original judgment, Doc. 14, erroneously states that Count 13 was Interference with Commerce by Robbery, not Attempted Interference with Commerce by Robbery, and that this clerical error was continued in the Court's order denying Mr. Quick's § 2255 motion. But this clerical error does not mean his conviction and sentence should be vacated.

As the Supreme Court has clearly stated, when a purported Rule 60(b) motion is based on a subsequent change in substantive law, it is a § 2255 petition in disguise and must be denied in the absence of permission from the appellate court to file a second

petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Here, the change in the law occurred on October 14, 2020, after Mr. Quick's § 2255 petition was denied on March 5, 2020, and after his appeal from that denial was dismissed on September 4, 2020. *See United States v. Taylor*, 978 F.3d 73 (4th Cir. 2020), amended 979 F.3d 203; Docs. 58, 68. Mr. Quick has not obtained permission to file a second § 2255 petition, so the pending motion should be denied.

Even if that were not the case, it would not be appropriate to grant the Rule 60(b) motion, since it would unfairly prejudice the government. As part of his plea agreement, six § 924(c) counts associated with Hobbs Act robberies were dismissed, in exchange for his guilty plea to the six robberies, one attempted robbery, and a § 924(c) count associated with the attempted robbery. *See* Doc. 13. Everyone at the time was of the view that the attempted robbery was a crime of violence sufficient to support the § 924(c) conviction; had that not been so, there were six other crimes of violence which then and now are sufficient to support a § 924(c) conviction. *See* PSR Doc. 49 ¶¶ 4-11 (detailing defendant's pointing and brandishing of a firearm in six different robberies). It would unfairly prejudice the government to vacate the § 924(c) conviction and sentence on Count 14, when the defendant received the benefit of dismissal of six other § 924(c) counts of which he was guilty.

The Court agrees with the Magistrate Judge on all points, and Mr. Quick's objections do not undermine the Magistrate Judge's more detailed analysis. Upon consideration, and for the reasons stated by the Magistrate Judge as supplemented here, the Court agrees that the petitioner's motion constitutes a successive Section 2255

petition for which Mr. Quick did not receive authorization from the Fourth Circuit Court of Appeals and, in the alternative, that the prerequisites for a successful Rule 60(b) motion have not been met. The Court hereby adopts the Magistrate Judge's Recommendation in full.

The Court intends to correct the clerical error in the original judgment by issuing an amended judgment accurately reflecting that the defendant's conviction on Count 13 was for attempted interference with commerce by robbery. In the absence of a brief explaining why that would be inappropriate filed on or before August 16, 2021, a corrected judgment will be filed.

For the reasons stated by the Magistrate Judge as supplemented herein, it is **ORDERED AND ADJUDGED** that the petitioner's motion, Doc. 78, is **DISMISSED** as a successive Section 2255 petition filed without proper authorization from the Fourth Circuit. A certificate of appealability shall not issue.

This the 28th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE